United States District Court
Southern District of Texas
FILED

OCT 16 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA McKENZIE, on behalf of herself and all others similarly situated, Plaintiffs, | § § § § § § § § § § § § § | CAUSE NO.: B-00-148<br><br>JURY |
| vs. | | |
| WORLDCOM, INC. a/k/a MCI WORLDCOM, INC. a/k/a MCI WORLDCOM COMMUNICATIONS, INC., Defendant. | | |

## MOTION TO REMAND AND BRIEF IN SUPPORT

COMES NOW, Plaintiff in the above styled and numbered cause, pursuant to 28 U.S.C. § 1447(c), and moves this Court for an order remanding this action to the 357th District Court of Cameron County, Texas, on the grounds that removal was improperly made and that this Court lacks jurisdiction over the subject matter of this action. In support of this motion, Plaintiff shows the Court the following:

### I. PROCEDURAL HISTORY

1.1  The instant lawsuit was originally filed as cause number 2000-08-3297-E in the 357th Judicial District Court of Cameron County, Texas. Plaintiff, on behalf of herself and others similarly situated, brings suit as a state court class action suit against Defendant ("Defendant" or "MCI").

1.2  MCI was served with the above referenced suit on August 24, 2000. MCI removed the case to Federal Court on September 15, 2000, claiming federal question jurisdiction and complete preemption under the Federal Communications Act of 1934 ("the Act"), 47 U.S.C. § 151, et seq.

1.3 Plaintiff files this timely Motion to Remand the case to the state court from where it came because this Court lacks jurisdiction.

## II. FACTUAL BACKGROUND

2.1 This case was filed as a class action in the 357th Judicial District Court of Cameron County, Texas on behalf of all Texas Consumers who have purchased or sought to purchase Defendant's long distance telephone services and/or have been subject to Defendant's violations of Texas state law.

2.2 Plaintiff's claims are based upon allegations that from during or about late 1998 until the present, and in connection with the advertising, offering for sale and sale of residential long distance telecommunications services to Texas consumers, MCI, individually and through its agents, employees, representatives and others on its behalf or at its direction, has and is engaged in the act, use and employment of deception, false promises, misrepresentations, unfair practices, and has employed and continues to employ concealment, suppression and omission of material facts - all declared to be unlawful under the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"), specifically Tex. Bus. & Com. C. §§ 17.46(b)(5), (7), (9), (11), (12) and (23). Plaintiff further argues that MCI violated the DTPA and state common law by charging and collecting fees for services never ordered or authorized by the consumer. Plaintiff makes additional claims under Texas common law.

## III. ARGUMENT AND AUTHORITIES

3.1 Plaintiff has not plead a federal question in her state court class action petition. Defendant admits that Plaintiff has plead a case limited to state common law and the violation of a state statute. *See Defendant MCI WorldCom Communications, Inc.'s Notice of Removal,*

pg. 3, ¶ 7. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1337 and therefore the case should be remanded to the 357th Judicial District Court of Cameron County, Texas. Federal preemption does not create federal question jurisdiction and the Act does not completely preempt Plaintiff's state law claims.

A.  THIS COURT LACKS JURISDICTION

3.2  This case has been improperly removed from state court by Defendant. Defendant has no basis for diversity or federal question jurisdiction in the instant case. Accordingly, this cause should be remanded to the 357th Judicial District Court of Cameron County, Texas.

1.  NO DIVERSITY JURISDICTION EXISTS

3.3  There is no diversity jurisdiction in this case as the amount in controversy in this action, exclusive of interest and costs, is not greater than the minimum amount in controversy necessary to confer jurisdiction based on diversity of citizenship. The petition filed by Plaintiff in state court requests damages in an amount less than the minimum amount in controversy necessary to confer federal jurisdiction based on diversity of citizenship. MCI's notice of removal to this court is not couched in diversity jurisdiction.

2.  NO FEDERAL QUESTION JURISDICTION EXISTS

3.4  Because the amount in controversy requirement for diversity jurisdiction has not been met in the instant case, in order to maintain this case in this Court, part of the action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

3.5     Plaintiff's state court petition does not state any claims arising under federal law, but seeks relief pursuant to a state statute (the Texas Deceptive Trade Practices and Consumer Protection Act) and Texas common law.

### a.     THE WELL-PLEADED COMPLAINT RULE

3.6     To help courts determine whether or not a federal question is an element of a plaintiff's cause of action, the United States Supreme Court has stated that "[o]ne powerful doctrine has emerged . . . the well-pleaded complaint rule . . . which as a practical matter severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court. . ." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420, 430-31 (1983).

3.7     Questions of federal jurisdiction are resolved by examining the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). It is settled that regardless of how important, and even decisive, federal law may turn out to be in later stages of the litigation, if a federal issue is not raised as a legitimate part of plaintiff's original complaint, there is no federal question jurisdiction under the federal question removal statute. *Franchise Tax Bd. v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

3.8     To determine if removal is proper, the threshold question is whether or not the court would have had original jurisdiction if the case had been originally filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-2, 107 S.Ct. 2425, 2429, 96 L.Ed. 318, 326-27 (1987).

3.9 To support removal, the defendant bears the burden of establishing federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

### b. THE COMPLETE PREEMPTION DOCTRINE IS A STRICTLY LIMITED EXCEPTION TO THE WELL-PLEADED COMPLAINT RULE THAT DOES NOT APPLY TO THE ACT

3.10 "Ordinarily, the term federal preemption refers to ordinary preemption, which is a federal defense to the plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law. Being a defense, it does not appear on the face of a well-pleaded complaint, and, thus, does not authorize removal to a federal court." *Heimann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 500 (5th Cir. 1999)(internal citations omitted).

3.11 The doctrine of complete preemption is a narrow exception to the well-pleaded complaint rule. *Caterpillar Inc.*, 482 U.S. at 391. The Supreme Court has defined complete preemption as the occasion where the federal law is so *dominant* in a particular area, and the preemptive force of a statute so *extraordinary*, that it "converts an ordinary state common law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

3.12 Since 1968, the Supreme Court has found complete preemption expressly in only two circumstances: (1) claims alleging a breach of a collective bargaining agreement that fall under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1988), see *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968); and (2) claims for benefits or enforcement of rights under the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1132(a)(1)(B) (1988), see *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987); *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000).

    3.13    To establish complete preemption, MCI must satisfy a three prong test:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable.

*Heimann*, 187 F.3d at 500. "Few federal statutes can meet such an exacting standard." *Id*. There is nothing in the Act to suggest that any of the *Heimann* prongs can be met. Rather than providing a civil enforcement provision that replaces and protects analogous areas of state law, the Act specifically "saves" state common law and statutory remedies. *See*, 47 U.S.C. § 414. The Act does not provide for a specific jurisdictional grant to the federal courts for the enforcement of any rights. Finally, there exists no clear manifest congressional intent to make causes of action under the Act removable to federal court in the same manner as those filed under the LMRA or ERISA. Clearly, the Act does not meet the standard for complete preemption.

    3.14    Defendant's allegations that Plaintiff's state-law claims are preempted by federal law are merely federal defenses and do not create a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed. 318 (1987). The mere fact that a given federal law might apply or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction. *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000). To establish federal question jurisdiction through the invocation of a federal preemption defense, the defendant must demonstrate that Congress intended not just to "preempt a state law to some degree," but to altogether substitute "a

federal cause of action for a state cause of action." *Id.* at 244 (internal citations omitted); *see also, Johnson v. Baylor Univ.*, 214 F.3d 630 (5th Cir. 2000)(holding that a federal statute did not completely preempt state law claims so as to create federal question jurisdiction. The Fifth Circuit reversed and remanded to the case to the federal district court with instructions to remand the case to state court.).

3.15   A recent Fifth Circuit case regarding complete preemption provides clear and direct guidance for the remand of the instant case. In *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000), analyzing the preemptive force of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C.S. 136 et seq., a federal statute, the Fifth Circuit, provided the following analysis:

> Defendants contend that all of these [Plaintiff's] claims are really disguised labeling claims which fall within the preemptive (read preclusive) scope of FIFRA. This is the question that we cannot reach, because even if all of plaintiffs' claims are in fact barred because FIFRA provides a federal defense to each of these state law claims, the fact that many state law causes of action survive means that the statute does not establish federal question jurisdiction over the case. Therefore, defendants are not deprived of their FIFRA defenses, they are only deprived of a federal forum in which to utilize their defenses. (parenthetical in original)

*Hart v. Bayer Corp.*, 199 F.3d 239, 245, note 3 (5th Cir. 2000). MCI, in the instant case, is making the same argument that the *Hart* defendants were making. Applying the Fifth Circuit's teachings in *Hart* to the instant case, even if all of Plaintiff's claims are barred by the Act or the filed tariff doctrine, the fact that state law causes of action might survive or be "saved" by the Act's savings clause means that the Act does not qualify for complete preemption and this court does not have jurisdiction and "cannot reach" the merits of Defendant's preemption defenses.

### c. THE ACT DOES NOT COMPLETELY PREEMPT STATE LAW AND THUS DEFENDANT'S "FILED TARIFF DEFENSE" DOES NOT ESTABLISH FEDERAL QUESTION JURISDICTION

3.16    The Act does not have the extraordinary preemptive force of the LMRA or ERISA. This fact is apparent from the language of the Act and the case law interpreting the Act.

3.17    Defendant's position that complete preemption applies in this case is defeated by the "savings clause" of the Communications Act, 47 U.S.C. § 414, which states: "Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." If a court held that the Act "completely preempted" state common law, such a finding would void the savings clause. The savings clause shows clear congressional intent that the Act is to exist "in addition" to common law and/or state statutes that do not conflict with the act but that provide a party with additional "remedies."

3.18    Defendant's position that complete preemption applies in this case is also defeated by relevant U.S. Supreme Court, Fifth Circuit and Texas Federal Court case law. A brief survey of the relevant cases follows. In addition to the cases sited below, several law review articles have analyzed the issues involved in these cases and support the position that state law causes of action exist that are not preempted by the Act or the filed tariff doctrine. *See, Comment: The Consumer Protection Myth In Long Distance Telephone Regulation: Remedies for the "Caveat Dialer" Attitude*, 27 Tex. Tech L. Rev. 383, 411 (1996)(discussion of potential for Texas DTPA claims against long distance providers); *see also, Comments:*

*Unilateral Tariff Exculpation in the Era of Competitive Telecommunications*, 41 Cath. U. L. Rev. 907 (1992).

3.19    In *AT&T v. Central Office Telephone, Inc.*, 524 U.S. 214, 118 S. Ct. 1956, 141 L. Ed. 2d 222 (1998), the Supreme Court reviewed the facts of a particular case that was tried before a U.S. Magistrate Judge and ultimately decided that the filed rate doctrine barred Plaintiff's claims. The Court found Plaintiff's breach-of-contract claims preempted. The Court also found the tortious interference claim preempted, but only because that claim was "wholly derivative of the contract claim for additional and better services." *Id.* at 226. The *Central Office* opinion does not address the issues of subject matter jurisdiction, removal or complete preemption. In the Chief Justice's concurring opinion, Rehnquest specifically states that the filed rate doctrine "does not serve as a shield against all actions based in state law." *Id.* at 231.

3.20    In *Access Telecomm., Inc. v. MCI Telcomms. Corp.*, 197 F.3d 694 (5th Cir. 1999), MCI made the same filed tariff doctrine complete preemption argument that it makes in the instant case. *Id.* at 711. The Fifth Circuit found that the filed rate doctrine did not preempt all of Plaintiff's state law claims. *Id.* at 710-712. The Fifth Circuit held that the extraordinary doctrine of complete preemption does not apply to the Act or to the filed tariff doctrine. *Id.*

3.21    *MCI Telecomm. Corp. v. Credit Builders of Am*, 980 F.2d 1021, *cert. granted and judgment vacated,* 508 U.S. 957, 113 S. Ct. 2925, 124 L. Ed. 2d 676, *orig. opinion reinstated on remand,* 2 F.3d 103 (5th Cir.), *cert. denied,* 510 U.S. 978, 114 S. Ct.

472, 126 L. Ed. 2d 424 (1993)[1], involved MCI's ability to recover on a contract or its ability to recover in quantum meruit. The Fifth Circuit found that the facts of the case did not involve the validity, construction, or effect of the Communications Act or any other federal statute. The Court went on to hold that actions for breach of contract and recovery in quantum meruit have their source in state law, and are consequently not entitled to federal jurisdiction. *Id* at 1023.

3.22  In *Staton Holdings, Inc. v. MCI Worldcom Communs., Inc.*, 2000 U.S. Dist. LEXIS 8939, No. 3:99-CV-2876-D (N.D. Tex. June 26, 2000), MCI argued that the Act and the filed tariff doctrine preempted all of Plaintiff's state law claims and accordingly MCI should have their Fed. R. Civ. P. 12(c) Motion granted. The Court denied MCI's 12(c) motion to dismiss basis upon the potential viability of one of the Plaintiff's state common law claims. *Id*.

3.23  In *Drew v. MCI WorldCom Mgmt. Co.*, 1999 U.S. Dist. LEXIS 18677, No. 3:99-CV-1355-D, (N.D. Tex., Dec. 1, 1999), the Court found that Plaintiff was not attempting to challenge MCI's filed tariff, but he was attempting to enforce the tariff as filed and therefore Plaintiff's claims were not preempted by the filed rate doctrine. The Court denied MCI's motion to dismiss Plaintiff's case which contended that Plaintiff's claims were barred by the filed tariff doctrine. *Id.*

3.24  Finally, there is clear guidance from a U.S. Dist. Court for the Southern District of Texas opinion directly on point. *Esquivel v Southwestern Bell Mobile Sys.*, 920 F. Supp 713 (S.D. Tex 1996) involved a state court class action on behalf of U.S. residents

---

[1] In Defendant's Notice of Removal MCI argues that *Credit Builders* is not good law based upon a 1994 N.D. Texas order in a case where MCI was the plaintiff and the defendant in the case made no appearance. *See, MCI v. United Showcase, Inc.*, 874 F. Supp. 510 (N.D. Tex. 1994). Contrary to MCI's arguments, The Fifth Circuit has reinstated its original opinion and continues to site *Credit Builders* as good law. *See, Frank v. Bear Stearns & Co*, 128 F.3d 919, 923 (5th Cir. 1997).

who contracted with defendant for cellular telephone services. Plaintiffs, invoking state common law protecting consumers against excessive liquidated damages, were challenging liquidated damages collected for early termination of service. Defendant Southwestern Bell argued the "filed tariff defense" as MCI does in the instant case. Chief Judge Kazen remanded the case to state court finding that it was not clear that Plaintiffs' claims were preempted by the Act, and even if preemption applied, nothing was presented to justify the extraordinary doctrine of complete preemption. *Id.* at 717.

3.25 The one common denominator in each case cited above is that state law claims were held to be viable and exist in addition to the Act and held not to be preempted by the Act or the filed tariff doctrine. It is important to take note of the date of each opinion cited above as MCI relies upon dated case law from other circuits as a foundation for its removal of this cause.

## IV. CONCLUSION

4.1 There is no federal question on the face of Plaintiff's well-pleaded complaint. MCI has not carried its burden to show that removal in this case under the Act or the filed tariff doctrine was proper. MCI has not demonstrated any other justification for the exercise of removal jurisdiction in this matter. MCI's assertions that the Act preempts state law is in reality merely a potential federal defense to Plaintiff's state law claims. This case was improperly removed to federal court on the basis of a federal defense and should be remanded to the state court from whence it came.

## V. PRAYER

5.1 Plaintiff in the above styled and numbered cause prays that the Court enter an order remanding this case back to the 357th Judicial District Court of Cameron County,

Texas. Plaintiff further moves the Court to order MCI, defendant in this action, to pay to Plaintiff all costs and expenses, including attorney's fees, incurred by Plaintiff as a result of the removal. Plaintiff further prays for any other relief in law or equity to which Plaintiff is entitled.

Respectfully submitted,

**LAW OFFICES OF RICHARD JARAMILLO & ASSOCIATES, P.C.**
1412 Main Street, 22nd Floor
Dallas, Texas 75202
(214) 744-3364
(214) 748-6603 (Fax)

**LAW OFFICES OF FRANK COSTILLA, P.L.L.C.**
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 544-3152 (Fax)

*ATTORNEYS FOR PLAINTIFFS*

By: _____/s/ R. C. J._____
    RICHARD C. JARAMILLO
    "Attorney-In-Charge"
    Texas State Bar No. 10573200
    Appearing Pro Hac Vice
    RAY L. VELA
    Texas State Bar No. 00795075
    S.D. Tex. Bar No. 20357
    FRANK COSTILLA
    Texas State Bar No. 04856500
    S.D. Tex. Bar No. 1509

## CERTIFICATE OF CONFERENCE

I certify that on this the 12th day of October 2000, I contacted counsel for the Defendant regarding this motion. An agreement regarding the motion could not be reached.

By: _____
RICHARD C. JARAMILLO

## CERTIFICATE OF SERVICE

I certify that on this the 12th day of October 2000, a true copy of the above document has been either delivered in person or delivered in person by my agent or delivered by courier with receipted delivery or sent by certified mail, return receipt requested, or sent by telephonic document transfer before 5:00 p.m. the recipient's local time to the following pursuant to the Federal Rules of Civil Procedure for each party listed on the attached service list.

John C. Eichman
Jenkins & Gilchrist
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
(214) 855-4300 - fax

By: _____
RICHARD C. JARAMILLO