UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 16 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA McKENZIE, on behalf of herself and all others similarly situated, Plaintiffs, | § § § § | |
| vs. | § § | CAUSE NO.: B-00-148 |
| WORLDCOM, INC. a/k/a MCI WORLDCOM, INC. a/k/a MCI WORLDCOM COMMUNICATIONS, INC., Defendant. | § § § § § | JURY |

**PLAINTIFF'S REPLY TO DEFENDANT MCI WORLDCOM COMMUNICATIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW, Plaintiff in the above styled and numbered cause, and files this PLAINTIFF'S REPLY TO DEFENDANT MCI WORLDCOM COMMUNICATIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND in the above styled and numbered cause. In support of this motion, Plaintiff shows the Court the following:

## I. PROCEDURAL HISTORY

1.1  The instant lawsuit was originally filed as cause number 2000-08-3297-E in the 357th Judicial District Court of Cameron County, Texas. Plaintiff, on behalf of herself and others similarly situated, brings suit as a state court class action suit against Defendant ("Defendant" or "MCI").

1.2  Plaintiff filed a timely *Motion to Remand* on October 16, 2000.

1.3  On November 6, 2000 MCI filed its *Opposition to Plaintiff's Motion to Remand*.

1.4  Plaintiff files this Reply in response to MCI's November 6, 2000 *Opposition to Plaintiff's Motion to Remand*.

## II. ARGUMENT AND AUTHORITIES

2.1    *MCI's Opposition To Plaintiff's Motion to Remand* is analytically imprecise and raises one irrelevant notion after another. MCI has failed to cite any relevant case law to support its notion that the Federal Communications Act ("FCA") is a statute that has the preemptive power to confer federal jurisdiction pursuant to the extraordinary doctrine of complete preemption. MCI cites no FCA statutory language or legislative history supporting removal. MCI argues that the filed tariff doctrine is sufficient to confer federal jurisdiction without ever making an argument or demonstrating why this doctrine establishes the requisite showing of Congressional intent to allow removal of a state court claim.

2.2    There is no federal question on the face of Plaintiff's well-pleaded complaint. MCI has not carried its burden to show that removal in this case under the FCA or the filed tariff doctrine was proper. MCI has not demonstrated any other justification for the exercise of removal jurisdiction in this matter. MCI's assertions that the FCA preempts state law is in reality merely a potential federal defense to Plaintiff's state law claims. This case was improperly removed to federal court on the basis of a federal defense and should be remanded to the state court from whence it came.

### A.    TEXAS FEDERAL CASE LAW UNANIMOUSLY REJECTS COMPLETE PREEMPTION UNDER THE FCA

2.3    Texas Federal District Courts have unanimously decided the exact issue before the court and found that the FCA is not a statute with the preemptive force of complete preemption. *Esquivel v. Southwestern Bell Mobile Sys., Inc.*, 920 F. Supp. 713, 715-16 (S.D. Tex. 1996)(holding that complete preemption does not apply to the FCA and remanding the case to state court); *KVHP TV Partners, LTD. v. Channel 12 of Beaumont,*

*Inc.*, 874 F. Supp. 756, 760-62 (E.D. Tex. 1995)(holding that complete preemption does not apply to the FCA and remanding the case to state court); *Ashley v. Southwestern Bell Tel. Co.*, 410 F. Supp. 1389 (W.D. Tex. 1976)(holding that the Communications Act of 1934 did not preempt state tort law).

### B. FEDERAL CASE LAW OVERWHELMINGLY REJECTS COMPLETE PREEMPTION UNDER THE FCA

2.4     MCI has failed to confront either the reasoning in or the factual similarity of the numerous cases cited by Plaintiff finding no complete preemption under the FCA. Complete preemption is inappropriate in this case because: (1) there is no statutory or legislative history to support finding of Congressional intent to allow removal of cases under the FCA; (2) relevant case law unanimously rejects the argument that the FCA provides for complete preemption; and (3) the FCA has no language, case law, history or purpose supporting removal of a deceptive trade practice case by a plaintiff under state consumer protection law.

2.5     In addition to the cases cited by Plaintiff in *Plaintiff's Motion to Remand*, federal courts outside of the Fifth Circuit and Texas have overwhelmingly rejected complete preemption under the FCA as a proper basis for removal of a state court lawsuit. *Fax Telecommunicaciones, Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998); *Marcus v. AT&T Corp.*, 138 F.3d 46, 53-56 (2nd Cir. 1998); *Guglielmo v. Worldcom, Inc. et. al*, 2000 U.S. Dist. Lexis 10923, No. C-00-160-B, (D.Me. July 27, 2000); *Aronson v. Sprint Spectrum, L.P.*, 90 F. Supp. 2d 662, 665, 667-69 (W.D. Pa. 2000); *Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*, 958 F. Supp. 947, 952-54, 958 (D. Del. 1997)(finding, *inter alia*, "the statutory fraud and breach of contract claims do not challenge the reasonableness of a billing practice. These claims therefore do not fall within the scope of

the civil enforcement provision of the Act."); *Bauchelle v. AT&T Corp.*, 989 F. Supp. 636, 643-44, 646, 648-49 (D.N.J. 1997)(The FCA does not impose any duty on common carriers to be truthful in their promotional practices, therefore, the FCA does not vindicate the action the plaintiffs sought to prevent); *DeCastro v. AWACS, Inc.*, 935 F. Supp. 541, 549, 551, 552-53, 555 (D.N.J. 1996) (finding, *inter alia*, that because the Communications Act did not impose a duty on common carriers to make accurate and authentic representations in their promotional practices, Section 207 provided no remedy for a deviation from such conduct); *Castellanos v. U.S. Long Distance Corp.*, 928 F. Supp. 753, 755-56 (N.D. Ill. 1996); *Weinberg v. Sprint Corp.*, 165 F.R.D. 431, 437, 439-40 (D.N.J. 1996), *appeal dismissed by* 1996 U.S. Dist. LEXIS 22512, NO. CIV. A. 96-354, 1996 WL 63501 (D.N.J. May 23, 1996); *Heichman v. American Tel. and Tel. Co.*, 943 F. Supp. 1212, 1219-22 (C.D. Cal. 1995); *Financial Planning Inst., Inc. v. American Tel. and Tel. Co.*, 788 F. Supp. 75, 76-77 (D. Mass. 1992); *American Inmate Phone Sys., Inc. v. U.S. Sprint Communications Co. Ltd. Partnership*, 787 F. Supp. 852, 856-59 (N.D. Ill. 1992); *see also, In the Matter of Southwestern Bell Mobile Systems, Inc.*, Memorandum Opinion and Order, FCC 99-356, November 18, 1999.

### B. MCI HAS FAILED TO MEET THE FIFTH CIRCUIT'S THREE PRONGED *HEIMANN* TEST FOR COMPLETE PREEMPTION

2.6   In *Heimann v. National Elevator Indus. Pension Fund,* 187 F.3d 493, 500 (5th Cir. 1999), the Fifth Circuit established a three part test which must be satisfied before a court can invoke the extraordinary doctrine of complete preemption. To establish complete preemption, MCI must show the following with respect to the FCA: (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional

grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable. *Heimann,* 187 F.3d at 500. MCI has failed to demonstrate even one prong of this test.

    **1.**    **THERE IS NO CIVIL ENFORCEMENT PROVISION IN THE FCA TO REPLACE AND PROTECT THE ANALOGOUS AREA OF STATE LAW**

    2.7    Under the complete preemption doctrine, the civil enforcement provisions of the purported preempting statute must vindicate the same interest that the plaintiffs' state cause of action seeks to vindicate. If the federal statute provides no provision for adjudication of the right plaintiff seeks to enforce, then no claim arises under federal law, and removal is improper. This is the case in the instant suit. The FCA provides for no civil enforcement of state deceptive trade practice laws.

    2.8    MCI first contends that section 203 of the FCA affords the substantive rights which Plaintiff seeks to enforce. Section 203 requires that every common carrier "file with the Commission and print and keep open for public inspection schedules showing all charges for itself and its connecting carriers." 47 U.S.C. § 203(a). If a carrier fails to file tariffs, or files deceptive tariffs, a subscriber has a remedy under § 207 to recover damages in either federal court or from the FCC for the carrier's failure to comply with its disclosure duties under the FCA. If the subscriber feels that the tariffed disclosures are inadequate or that the carrier ought to make additional disclosures of its rates, the FCA permits the subscriber to make complaint to the FCC, which is then obligated to conduct an appropriate investigation, or subscribers may file comments in the FCC's rulemaking proceedings. *See* 47 U.S.C. § 208(a). MCI characterizes Plaintiff's

action as one which challenges MCI's disclosure of its rates for tariffed service and therefore argues that section 207 encompasses Plaintiff's claims.

2.9  Although sections 206 through 209 provide a federal remedy for violations of the FCA, they fail to satisfy the first prong of the *Heimann* test because Plaintiff's state law claims do not fall within these civil enforcement provisions. Under the complete preemption doctrine, the civil enforcement provisions of the purported preempting statute must vindicate the same interest that the plaintiff's state causes of action seek to vindicate. If the federal statute provides no provision for adjudication of the right plaintiff seeks to enforce, then no claim arises under federal law, and removal is improper. Although section 207 authorizes federal jurisdiction over claims to enforce a carrier's compliance with the tariff-filing requirements of the FCA, section 203 is not challenged; Plaintiff does not argue that MCI's rates deviate from those that are filed with the FCC. Rather, Plaintiff argues that MCI misrepresents its calling plans in its marketing and advertising practices and that MCI "crams" services and charges onto customer's bills. The FCA does not impose any duty on common carriers to be truthful in their promotional or billing practices. The relevant sections of the FCA do not address the interests underlying Plaintiff's complaint.

### 2. THERE IS NO SPECIFIC JURISDICTIONAL GRANT TO THE FEDERAL COURTS

2.10  The FCA contains no specific grant of jurisdiction to the federal courts. The savings clause contained in the FCA shows the clear intent by Congress that nothing in the FCA is meant to abridge or alter remedies existing at state common law or by state statute. *See Plaintiff's Motion for Remand.*

2.11   Further evidence of the fact that there is no specific jurisdictional grant to the federal courts for FCA or filed tariff cases is reflected in the fact that as of January 1, 2001, the act of MCI, or any long distance carrier, filing tariffs with the FCC will be abolished. The filed tariff doctrine is a court imposed concept derived from the tariff filing requirements of section 203(a) of the FCA. When Congress amended the Federal Telecommunications Act in 1996, it specifically gave the FCC the authority to eliminate mandatory tariffs. 47 U.S.C. § 160(a). Pursuant to this authority, the FCC promptly ordered long distance carriers to stop filing federal tariffs for domestic, interstate long distance service. *See In re: Policy and Rules Concerning the Interstate, Interexchange Marketplace, Implementation of Section 254(g) of the Communications Act of 1934, as Amended*, FCC 96-424, 11 FCC Rcd 20730, 1996 FCC LEXIS 5991, Second Report and Order (Oct. 31, 1996). The FCC found that it was in the public interest to order detariffing of domestic interstate long distance service, in part, because it would "eliminate[e] the possible invocation of the filed rate doctrine" by long distance carrier. *Id.* at ¶ 52. The D.C. Circuit Court of Appeals recently upheld the FCC's actions. *See, MCI Worldcom, Inc. v. Federal Communications Commission*, 209 F.3rd 760 (D.C. Cir. 2000). As a result, the FCC has ordered long distance companies to stop filing tariffs for domestic interstate long distance service as of January 1, 2001. *Public Notice that Domestic, Interexchange Carrier Detariffing Takes Effect*, DA-00-1028 (May 9, 2000); *see also, In the Matter of Southwestern Bell Moblie Systems, Inc.*, FCC 99-356 (November 18, 1999)(finding complaints of implementation of billing practices based upon grounds of breach of contract, consumer fraud or false advertising not preempted by federal law).

### 3. THERE IS NOT CLEAR CONGRESSIONAL INTENT THAT CLAIMS BE REMOVABLE

2.12   The doctrine of complete preemption applies only when Congress clearly manifests an intention to create removal jurisdiction over certain causes of action. MCI has failed to demonstrate that the FCA contains, in either its language or its legislative history, any such manifestation of Congressional intent. MCI has similarly failed to demonstrate that absent complete preemption under the FCA, the artful pleading doctrine provides any basis for federal subject matter jurisdiction over plaintiffs' claims.

### B. *CENTRAL OFFICE* IS TOTALLY IRRELEVANT TO A COMPLETE PREEMPTION ANALYSIS

2.13   MCI argues that the *Central Office* case stands for the proposition that the FCA's "savings clause" has been rendered powerless. *Central Office* does not stand for such a proposition. *Central Office* is an opinion that passed judgment on the specific facts of that case. *Central Office* deals strictly with the rate filing provision of the FCA, section 203. The case was originally filed in federal district court and the issue of jurisdiction never arose. Complete preemption is never mentioned in the opinion. The enforcement and jurisdiction provisions of the FCA are not discussed; and none of the controlling precedent regarding removal is cited by the Court. The *Central Office* case provides no guidance on the issues relevant to the remand issues in the instant case.

### C. *CAHNMANN* AND *MARCUS* ARE NOT COMPLETE PREEMPTION CASES

2.14    MCI argues that *Cahnmann v. Sprint Corp.*, 133 F.3d 484 (7th Cir.1998) contradicts the position that the complete preemption doctrine does not apply to the FCA. *Cahnmann* has no relevance to a complete preemption analysis. *Cahnmann* does not cite any case law or engage in any analysis required by the Supreme Court or the Fifth Circuit required to establish complete preemption. The *Cahnmann* opinion does not even use the phrase "complete preemption." Furthermore, *Cahnmann*, a seventh circuit case, is not binding precedent on this court.

2.15    *Marcus v. AT&T Corp.*, 138 F.3d 46 (2nd Cir. 1998) is improperly cited by MCI as a removal case. The *Marcus* court specifically stated that "the doctrine of complete preemption does not support removal of these actions." *Id.* at 55.

2.16    MCI has cited several cases for the proposition that the FCA is a statute with the preemptive power of ERISA or the LMRA, none of which are binding on this court. To the extent that these cases support the proposition that the FCA completely preempts state law claims such as those at issue in the present case, it is impossible to reconcile these cases with *Heimann's* restrictive directive related to the application of the complete preemption doctrine.

## III. PRAYER

3.1     For the reasons stated herein and in *Plaintiff's Motion to Remand* and in this document, Plaintiff requests the remand of this action to the state court from whence it came. Plaintiff further prays for cost associated with the improvident removal and other relief to which Plaintiff may be entitled at law and equity.

Respectfully submitted,

**LAW OFFICES OF RICHARD JARAMILLO & ASSOCIATES, P.C.**
1412 Main Street, 22nd Floor
Dallas, Texas 75202
(214) 744-3364
(214) 748-6603 (Fax)

**LAW OFFICES OF FRANK COSTILLA, P.L.L.C.**
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 544-3152 (Fax)

*ATTORNEYS FOR PLAINTIFFS*

By: _____
    RICHARD C. JARAMILLO
    "Attorney-In-Charge"
    Texas State Bar No. 10573200
    Appearing Pro Hac Vice
    RAY L. VELA
    Texas State Bar No. 00795075
    S.D. Tex. Bar No. 20357
    FRANK COSTILLA
    Texas State Bar No. 04856500
    S.D. Tex. Bar No. 1509

## CERTIFICATE OF CONFERENCE

I certify that on this the 12th day of October 2000, I contacted John C. Eichman, counsel for the Defendant regarding the merits of *Plaintiff's Motion To Remand*. An agreement regarding the motion could not be reached. Therefore, this pleading is presented to the court for a determination.

By: _____
RICHARD C. JARAMILLO

## CERTIFICATE OF SERVICE

I certify that on this the 15th day of November 2000, a true copy of the above document has been either delivered in person or delivered in person by my agent or delivered by courier with receipted delivery or sent by certified mail, return receipt requested, or sent by telephonic document transfer before 5:00 p.m. the recipient's local time to the following pursuant to the Federal Rules of Civil Procedure for each party listed on the attached service list.

VIA US CMRRR # 7000 0520 0021 2822 2324
John C. Eichman
Jenkins & Gilchrist
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
(214) 855-4300 - fax

By: _____
RICHARD C. JARAMILLO