United States District Court
Southern District of Texas
FILED

**JAN 0 5** 2001

Michael N. Milby
Clerk of Court

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA McKENZIE, on behalf of herself and all others similarly situated, | § § § | CIVIL ACTION NO. B-00-148 JURY |
| Plaintiffs, | § § | |
| v. | § § | |
| WORLDCOM, INC. a/k/a MCI WORLDCOM, INC. a/k/a MCI WORLDCOM COMMUNICATIONS, INC., | § § § § | |
| Defendant. | § § | |

**MOTION FOR LEAVE TO FILE SECOND
SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant MCI WORLDCOM Communications, Inc. ("WorldCom") files this Motion for

Leave to File Second Supplemental Brief in Opposition to Plaintiff's Motion to Remand ("Second

Supplemental Brief"), as follows:

1.      At the hearing on Plaintiff's motion to remand on November 27, 2000, Magistrate

Judge Black permitted the parties to submit additional briefing.  WorldCom submitted its

Supplemental Brief in Opposition to Plaintiff's Motion to Remand on December 11, 2000.  Plaintiff

filed its Reply to WorldCom's Supplemental Brief in Opposition to Plaintiff's Motion to Remand

on December 18, 2000 (Plaintiff's "Second Reply").

2.      WorldCom now seeks to file a Second Supplemental Brief in Opposition to Plaintiff's

Motion to Remand ("Second Supplemental Brief").  The Second Supplemental Brief is necessary

because in her Second Reply, Plaintiff for the first time contends that removal in this case was improper based on three personal injury and product liability cases removed to the Southern District of Texas under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). WorldCom requests the opportunity to show that these cases are irrelevant to whether Plaintiff's claims are artfully plead or completely preempted under the Communications Act.

3.     A responsive pleading is also necessary because the Plaintiff also now relies on a recent opinion from the Northern District of Texas, *Bryceland v. AT&T Corp.*, No. 3-99-CV-2279-L consolidated with: No. 3-00-CV-0084-L (N.D. Tex. November 27, 2000). The court in *Bryceland* considered the propriety of a wireless carrier's removal of state-law claims based upon the complete preemption doctrine under the Communications Act. WorldCom would like an opportunity to address Plaintiff's arguments that *Bryceland* supports remand here.

4.     The Plaintiff has also requested attorneys' fees under 28 U.S.C. § 1447(c). The Plaintiff submitted supplemental evidence on attorneys fees when she filed her Second Supplemental Brief on December 18, 2000. Attorneys' fees need not be considered because the motion to remand should be denied. However, if the Court does grant the motion and considers the issue of attorneys' fees, it should do so with the proper standard before it. The Plaintiff has failed to notify the event this Court of the Fifth Circuit and Southern District standard for an award of attorneys fees under Section 1447(c). WorldCom's brief sets out the proper legazl standard and shows that an award of attorneys' fees in the event off a remand would be improper.

5.     A copy of the proposed Second Supplemental Brief in Opposition to Plaintiff's Motion to Remand is attached to this motion as Exhibit A.

WHEREFORE, Defendant MCI WORLDCOM Communications, Inc. respectfully prays that the Court grant it leave to file its Second Supplemental Brief and for such other and further relief to which WorldCom may be justly entitled.

Respectfully submitted,

John C. Eichman
State Bar No. 06494800
Kerry C. Ahern
State Bar No. 24012195
JENKENS & GILCHRIST
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
Telephone:    (214) 855-4500
Facsimile:    (214) 855-4300

John Alex Huddleston
Texas Bar No. 10148400
JENKENS & GILCHRIST
*A Professional Corporation*
1800 Frost Bank Tower
100 West Houston Street
San Antonio, Texas 78205
Telephone:    (210) 246-5000
Facsimile:    (210) 246-5999

**ATTORNEYS FOR DEFENDANT MCI WORLDCOM COMMUNICATIONS, INC.**

OF COUNSEL:
Thomas F. O'Neil
William E. Smith
WORLDCOM, INC.
Law and Public Policy
1133 19th Street, N.W.
Washington, D.C. 20036
Telephone:    (202)736-6612
Facsimile:    (202) 736-6482

**WORLDCOM'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL BRIEF**          Page 3

## CERTIFICATE OF CONFERENCE

I certify that I discussed the contents of this motion with Richard C. Jaramillo, one of the attorneys for Plaintiff Maria McKenzie, by telephone on January 4, 2001, asking him to advise me of Ms. McKenzie's position concerning this motion. Mr. Jaramillo indicated that he is opposed to this motion.

## CERTIFICATE OF SERVICE

I certify that on the 4th day of January, 2001, a true and correct copy of the foregoing was sent via regular mail to:

Richard C. Jaramillo
Ray L. Vela
Law Offices of Richard Jaramillo & Associates, P.C.
1412 Main Street, 22nd Floor
Dallas, Texas 75202
(214) 744-3364
(214) 748-6603 - fax

**WORLDCOM'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL BRIEF**                    **Page 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA McKENZIE, on behalf of herself and all others similarly situated, | § § § | CIVIL ACTION NO. B-00-148 JURY |
| Plaintiffs, | § § | |
| v. | § § | |
| WORLDCOM, INC. a/k/a MCI WORLDCOM, INC. a/k/a MCI WORLDCOM COMMUNICATIONS, INC., | § § § § § | |
| Defendant. | § | |

MCI WORLDCOM COMMUNICATIONS, INC'S
SECOND SUPPLEMENTAL BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND

There are two purposes for this supplement.  First, WorldCom will show that the authorities cited by Plaintiff in her most recent brief (Plaintiff's "Second Reply") do not require remand. Second, WorldCom will show that even if this Court determines that remand is appropriate, an award of attorneys' fees in this case would be improper under 28 U.S.C. § 1447(c).

I.     THE COMMUNICATIONS ACT COMPLETELY PREEMPTS PLAINTIFF'S ARTFULLY PLEAD CLAIMS.

Plaintiff's claims and the relief sought fall within the preemptive force of the Communications Act and satisfy the Fifth Circuit's *Aaron* test for complete preemption.  Plaintiff cites no authority compelling a remand.

*Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000) is inapplicable because *Hart* involved claims that fell outside the "ordinary" preemptive scope of the relevant statute.  In *Hart*, the Fifth

1
Exhibit "A"

Circuit found that Federal Insecticide, Fungicide, and Rodenticle Act ("FIFRA") did not completely preempt Plaintiff's state-law warranty and personal injury claims, which were based upon a defective pesticide. *Hart*, 199 F.3d at 242. FIFRA displaces state regulation in the packaging and labeling of pesticides, but does not otherwise regulate their use and distribution. *Id.* at 242. Because the Plaintiff's claims did not relate to packaging and labeling, they fell outside the "ordinary" or defensive preemptive scope of the statute, and the Fifth Circuit held that the *Aaron* test was not satisfied. *Id.*

Plaintiff also cites three Southern District cases, *Pruitt v. Baugh*, Case No. 1:95cv00206 (S.D. Tex. 1996); *Gutierez v. West*, Case No. 1:95cv 00210 (S.D. Tex. 1996); and *Herrera v. Valley Acres, Inc.*, Case No. 1:95cv00211 (S.D. Tex. 1996) as cases that allegedly "involved similar jurisdictional issues" and were "remanded back to state court." *See* Second Reply ¶ 2.3. These opinions are unpublished. All three cases involved the same issue as *Hart* - whether a defective pesticide product liability claim was completely preempted by FIFRA's labeling requirements. Relying on a Supreme Court case, *Wisconsin Public Intervenor v. Mortier*, 111 S.Ct. 2476 (1991), these courts held that FIFRA did not completely preempt the plaintiffs' claims. However, the Supreme Court in *Mortier* specifically held that in FIFRA Congress did not intend to supplant local authority over pesticide regulation.

In this case, Plaintiff cannot escape the Supreme Court authority that draws her claims within the scope of the Communications Act. The nature of the claims and the relief sought clearly challenges tariffed rates and services and falls within the coverage of the Act. *See AT&T Co. v. Central Office Telephone,* 118 S.Ct.1956 (1998). The two circuit courts that have addressed the issue both found that these types of claims may be removed to federal court.

2

Plaintiff cites *Guglielmo v. WorldCom, Inc.,* 2000 WL 1507426, (D. N.H. July 27, 2000)[1] and *Aronson v. Sprint Spectrum, L.P.,* 90 F. Supp. 2d 662 (W.D. Pa. 2000) as recent Communications Act remand cases. *Aronson* did not address whether a direct challenge to tariffed rates and services is completely preempted by the Communications Act. Instead, *Aronson* involved a claim for invasion of privacy based upon the release of confidential customer information. *Aronson*, 90 F. Supp. 2d at 667. The *Aronson* court never considered whether state-law claims precluded by the filed tariff doctrine under *Central Office* would be completely preempted under the Communications Act.

The court in *Guglielmo* remanded that case, and refused to follow *Cahnmann v. Sprint Corp.*, 133 F. 3d 484 (7th Cir. 1998), based on its conclusion that the *Cahnmann* court failed to identify a specific statement of Congressional intent to create removal jurisdiction. However, the plain language of Sections 201, 206, and 207 of the Communications Act not only creates a cause of action for challenging a carrier's practices, but also provides that the FCC and federal courts have exclusive jurisdiction over such claims. *See Hunt v. Prison Realty Trust, Inc.*, No. 3:00-0244, *slip opinion* (M.D. Tenn. August 28, 2000)(finding complete preemption on facts analogous to *Guglielmo*). *Cahnmann* left little doubt that the provisions of the Communications Act manifest a clear Congressional intent that claims falling within the scope of the Act be removable.

The court in *Guglielmo* failed to acknowledge that the Communications Act exclusively controls the rights of parties who challenge tariffed rates and services. This exclusivity means that no viable state claim remains, and the challenge arises only under federal law, and must be brought in federal court or before the FCC. *Carpenter v. Wichita Falls Independent School District*, 44 F.3d

---

[1]     Plaintiff has incorrectly cited *Guglielmo* as a District Court of Maine opinion.

362, 366 (5th Cir. 1995) ("the artful pleading doctrine recognizes that the characterization of a federal claim as a state claim will not in all cases prohibit removal when the plaintiff has no state claim at all"). Accordingly, the district court's decision in *Guglielmo* is erroneous, and should not be considered by this Court.

Finally, Plaintiff relies on only part of the recent Northern District of Texas opinion in *Bryceland v. AT&T Corp.*, 2000 WL 1745173 (N.D. Tex. 2000). After easily concluding that plaintiff's consumer fraud and misrepresentation claims stemming from a wireless carrier's defective service satisfy the first two prongs of the complete preemption test, the court in *Bryceland* found that the statute lacked clear congressional intent to create removal jurisdiction. *Bryceland* at *4. As discussed more fully in WorldCom's First Supplemental Brief in Opposition to Plaintiff's Motion to Remand, wireless carriers are subject to Section 332 of the Communications Act, which reserves rate and entry regulation of wireless carrier's to the federal government, but leaves the "terms and conditions" of service for state regulation. Thus, some areas of a wireless carrier's relationship with its customers are "carved out" for state regulation. The court in *Bryceland* found that although Section 332 preempted certain state law causes of action, the savings clause in Section 414 was evidence that Congress did not intend to invoke the doctrine of complete preemption. *Bryceland* at * 5. Because Section 332 reserves something for the states to regulate, the savings clause is activated and the Plaintiff may pursue residue state claims.

Here, the only savings clause potentially relevant to Plaintiff's claims is Section 414, and *Central Office* removed any hope Plaintiff had of bringing her claims into that savings clause exception. *Central Office*, 118 S.Ct. at 1965("[a] claim for services that constitute unlawful preference or that directly conflict with the tariff...cannot be "saved" under § 414"). Because

4

Plaintiff cannot invoke the savings clause, her claims remain within the exclusive scope of the Communications Act. Allowing a parallel, state body of law would decimate the uniformity in the regulatory scheme, a result clearly contrary to Congressional intent. *See Central Office*, 118 S.Ct. at 1963. By creating an exclusive federal body of law and jurisdiction, Congress intended challenges to rates and services to be completely preempted and removable.

## II.   AN AWARD OF ATTORNEYS FEES IN THIS CASE WOULD BE IMPROPER UNDER SECTION 1447(c).

Even if this court finds that Plaintiff's Motion to Remand should be granted, it should deny Plaintiff's request for attorneys' fees under 28 U.S.C. § 1447(c) because at worst this case presents a substantial jurisdictional question and, if the case is deemed not removable, the nonremovability was certainly not obvious.

### A.      The Legal Standard for an Award of Attorneys Fees under Section 1447(c)

A remand order "may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of removal." 28 U.S.C. § 1447(c); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000)(holding that the statute is discretionary and the mere determination that removal was improper does not automatically entitle plaintiff to an award of attorneys' fees).   In exercising its discretion the Court should "consider objectively the merits of the defendant's case at the time of removal." *Valdes*, 199 F.3d at 292; *citing Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)(vacating judgment for fees where no impropriety in defendant's removal).   The issue is whether "the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293.

5

"While the Fifth Circuit has upheld the awarding of sanctions for improper removal without requiring a finding of bad faith, it has upheld that the nonremovability of the action must be obvious." *Thomas v. Ohio Casualty Group of Ins. Co.*, 3 F.Supp.2d 764, 766 (S.D. Tex. 1998)(no attorneys fees where removal was in good faith and nonremovability was not obvious); *see also J.R. Laughead, Inc. v. Air Dayco Corp.*, 942 F.Supp. 339341 (S.D. Tex. 1996)(no attorneys fees where question of removability depended upon a resolution of issues that still divide the courts); *P. Johnson v. ARA Group, Inc.* 1994 WL 903005 *4 (S.D. Tex. 1994)(no attorneys fees where determination of federal question required jurisdiction required the application of non-obvious principles of law).

**B.     The Court Should Not Award Attorneys Fees Because WorldCom had Objectively Reasonable Grounds for Removing.**

This case involves complicated issues and presents a substantial jurisdictional question. Whether the Communications Act completely preempts Plaintiff's claims requires the application of complex principles of law and conflicting authority. An award of attorneys' fees is not warranted because it was not obvious that Plaintiff's claims could not be removed.

In *Valdes*, the Fifth Circuit affirmed the district court's denial of attorneys' fees, finding that the defendant had objectively reasonable grounds to remove because factually similar unpublished authority supported removal. *Valdes*, 199 F.3d at 293. The Fifth Circuit held that such authority was sufficient to justify a decision to remove the case. *Id.* at 293.

Because removal based on the Communications Act involves complex issues and presents a substantial jurisdictional question, courts have refused to award attorneys fees. *See, e.g. American Inmate Phone Systems, Inc. v. US Sprint Communications Co. Ltd. Partnership*, 787 F. Supp. 852 (N.D. Ill. 1992)(State-law claim for breach of contract claims against telecommunications provider

remanded, no award of attorneys fees because defendant presented a substantial jurisdictional question); *Heichman v. American Telephone and Telegraph Co.*, 943 F. Supp. 1212 (C.D. Cal. 1995)(Class action for consumer fraud against long-distance provider remanded, but no award of attorneys' fees as jurisdictional questions at issue are complicated and difficult). [2]

WorldCom removed this case on the basis on federal question jurisdiction under the doctrines of complete preemption and artful pleading. The only two circuit courts to consider the issue have held that claims challenging the lawfulness of interstate rates are removable to federal court. *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 984 (7th Cir. 2000); *Cahnmann v. Sprint Corp.*, 133 F.3d 484 (7th Cir. 1998); *Marcus v. AT&T Co.*, 138 F.3d 46 (2d Cir. 1998). While such circuit court rulings are not controlling authority, they clearly provide WorldCom with objectively reasonable grounds for removal under *Valdes*. Moreover, many of the cases cited by Plaintiff as authority for remand were decided before the landmark Supreme Court decision of *AT&T Co. v. Central Office Telephone,* 118 S.Ct.1956 (1998). Although not a removal case, *Central Office* overruled much of the reasoning upon which these earlier courts based their remand order. Because many of the cases ordering remand based their decisions on a narrow view of what implicated the Communications Act and a broad interpretation of the savings clause- positions rejected in *Central Office*- this case presents complex issues and a substantial jurisdictional question such that an award of fees is not warranted.

---

[2]  It should be noted that *Heichman* and *American Inmate* are both pre-*Central Office* cases which based their order of remand on the Savings Clause and a limited view of what implicates rates and services. Thus even before *Central Office*, courts held that complete preemption under the Communications Act was a complicated jurisdictional issue such that an award of fees was not merited.

7

As demonstrated by the foregoing, the nonremovability, if any, of this case was not obvious.

Consequently, this Court should refuse to award fees under Section 1447(c).

Respectfully submitted

John C. Eichman u/p

John C. Eichman
State Bar No. 06494800
Kerry C. Ahern
State Bar No. 24012195
JENKENS & GILCHRIST
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
Telephone:    (214) 855-4500
Facsimile:    (214) 855-4300

John Alex Huddleston
Texas Bar No. 10148400
JENKENS & GILCHRIST
*A Professional Corporation*
1800 Frost Bank Tower
100 West Houston Street
San Antonio, Texas 78205
Telephone:    (210) 246-5000
Facsimile:    (210) 246-5999

**ATTORNEYS FOR DEFENDANT MCI WORLDCOM COMMUNICATIONS, INC.**

8

OF COUNSEL:
Thomas F. O'Neil
William E. Smith
WORLDCOM, INC.
Law and Public Policy
1133 19th Street, N.W.
Washington, D.C. 20036
Telephone:      (202)736-6612
Facsimile:      (202) 736-6482

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served on the following counsel of record by certified mail, return receipt requested, on this 4th day of January, 2001:

Richard C. Jaramillo
Ray L. Vela
Law Offices of Richard Jaramillo &
Associates, P.C.
1412 Main Street, 22nd Floor
Dallas, Texas 75202
(214) 744-3364
(214) 748-6603 - fax

John C. Eichman w/p

9