28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

FEB 0 8 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARIA MCKENZIE, on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. B-00-148 |
| WORLDCOM, INC. a/k/a MCI WORLDCOM, INC. a/k/a MCI WORLDCOM COMMUNICATIONS, INC., | § § § § § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is plaintiff Maria McKenzie's Motion to Remand (Docket No. 9) and defendant MCI Worldcom Communications, Inc.'s ("Worldcom") Motion to Dismiss (Docket No. 6). For the reasons discussed below, it is recommended that McKenzie's motion be granted and Worldcom's motion be denied.

### FACTUAL SUMMARY

The following factual summary is derived from a reading of the aforementioned motion and pleadings. This lawsuit arises out of Worldcom's "Five Cents Everyday" advertising campaign for long distance telecommunication services. McKenzie filed this class action in the 357th Judicial District Court of Cameron County, Texas alleging that the "Five Cents Everyday" advertisements were false and deceptive and in violation of state trade practice and consumer protection statutes. Worldcom removed the lawsuit to this Court on the grounds that McKenzie's complaint is

1

completely preempted to the extent that it challenges Worldcom's federally filed tariffs for interstate long distance telecommunications services and the billing practices associated with those rates. Thereafter, Worldcom filed the pending motion to dismiss claiming that McKenzie's state law claims are preempted by the Federal Communications Act ("FCA") of 1934. *See* 47 U.S.C. § 151, *et seq*. McKenzie filed a motion to remand the action, contending that the Court lacks jurisdiction to address the issues raised in the state court complaint. The Court will first consider McKenzie's motion to remand for this decision affects the Court's jurisdiction over other pending matters, including Worldcom's motion to dismiss.

## STANDARD OF PROOF

Where a case has been removed from state court to federal court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In applying § 1447(c), the federal courts have established a presumption in favor of state court jurisdiction. As a result, the party seeking removal bears the burden in showing the action was properly removed, and all doubts as to the propriety of the removal are to be resolved in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Worldcom argues that the doctrines of "complete preemption" and "artful pleading" give rise to federal question jurisdiction because, by seeking actual damages, McKenzie is trying to alter–after the fact and through litigation–Worldcom's federally filed long distance rates.

## COMPLETE PREEMPTION

Generally, "[a] defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal

court jurisdiction." *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000)(*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)). "The well-pleaded complaint' rule is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). "Congress has long since decided that federal defenses do not provide a basis for removal." *Caterpillar*, 482 U.S. at 399, 107 S.Ct. at 2433. "Thus, a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Gore*, 210 F.3d at 948 (internal quotation marks and citation omitted).

Removal jurisdiction may be predicated upon what might be viewed as a defense in the limited circumstances in which the doctrine of complete preemption applies. *See* 14B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3722 (3d ed. 1998). The doctrine of "complete preemption" is a narrow exception to the "well-pleaded complaint" rule. *See Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 367 (5th Cir. 1995). This "corollary of the well-pleaded complaint rule" applies in circumstances where "Congress [has] so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63-64, 107 S.Ct. at 1546. The complete preemption doctrine applies only when a federal statute possesses extraordinary pre-emptive power, a conclusion courts reach reluctantly. *See id.* at 65.

"[T]he touchstone of the federal district court's removal jurisdiction is not the 'obviousness' of the pre-emption defense but the intent of Congress. Indeed, ... even an 'obvious' pre-emption

3

defense does not, in most cases, create removal jurisdiction." *Id.* at 66.

The Supreme Court has narrowly interpreted the scope of the complete preemption doctrine. Since 1968, the Court has found complete preemption in only two settings: (1) claims alleging a breach of a collective bargaining agreement that fall under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *see Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), and (2) claims for benefits or enforcement of rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), *see Metropolitan Life*, 481 U.S. at 63-67, 107 S.Ct. 1542. Indeed, in a well-noted concurrence, Justice Brennan cautioned that, "[i]n future cases involving [the application of the complete preemption doctrine to] other statutes, the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." *Metropolitan Life*, 481 U.S. at 68, 107 S.Ct. 1542. Therefore, as with remand motions generally, all doubts should be resolved against removal and in favor of remand to the state court. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## DISCUSSION

Worldcom argues that the McKenzie's claims are completely preempted by the rate filing provisions of the Federal Communications Act ("FCA"). The parties blur the important distinction between the jurisdictional doctrine of complete preemption and the more familiar defense of ordinary preemption. Federal preemption is ordinarily only a defense to a plaintiff's case. "As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life*, 481 U.S. at 63, 107 S.Ct. At 1546. "Stated simply, complete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction, while

4

ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court." *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 854-55 (11th Cir. 1999).

Although the FCA indisputably constitutes a wide-ranging regulatory measure, *see United States v. Southwestern Cable Co.*, 392 U.S. 157, 168, 88 S.Ct. 1994, 20 L.Ed.2d 1001 (1968), the Supreme Court has stated that "[t]o infer pre-emption whenever an agency deals with a problem comprehensively is virtually tantamount to saying that whenever a federal agency decides to step into a field, its regulations will be exclusive." *Hillsborough County, Fla. V. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 717, 105 S.Ct. 2371, 85 L.Ed.2d 714. "Such a rule," the Court has concluded, "would be inconsistent with the federal-state balance embodied in [the Court's] Supremacy Clause jurisprudence." *Id.* In *Head v. New Mexico Board of Examiners in Optometry*, 374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963), the Court similarly explained that the validity of a preemption claim "cannot be judged by reference to broad statements about the 'comprehensive' nature of federal regulation under the Federal Communications Act." *Id.* at 429-30, 83 S.Ct. 1759.

In *Head*, the Supreme Court concluded that the FCA did not exclusively occupy the field so as to preempt a state law regulating radio advertising. *See id.* at 431-32, 83 S.Ct. 1759. In his concurring opinion, Justice Brennan cited the FCA's "savings clause," 47 U.S.C. § 414,[1] as evidence that Congress did not intend the FCA to preempt all state regulation in the telecommunications field. *See id.* at 443-44, 83 S.Ct. 1759 (Brennan, J., concurring). According to Justice Brennan, the

---

[1]The savings clause provides:
Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.
47 U.S.C.A. § 414 (West 1991).

5

savings clause, along with certain other provisions of the FCA, "suggest a congressional design to leave standing various forms of state regulation." Id. at 443, 83 S.Ct. 1759 (Brennan, J., concurring). Justice Brennan also noted that while the portion of the FCA regulating telephone and telegraph services was more comprehensive than the portion dealing with radio and television broadcasting, "even as to [the former] means of communications some subjects and remedies are saved to state regulation." Id. at 444, 83 S.Ct. 1759 (Brennan, J., concurring). The Fifth Circuit followed Justice Brennan's advice in *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157 (5th Cir. 1989), in an opinion which lucidly traces the history of the "complete preemption" rule and distinguishes it from federal preemption in general.

In light of the existence of the FCA's savings clause and the Supreme Court's holding in *Head*, the Court cannot reasonably infer that Congress manifested a clear intention to occupy the entire interstate telecommunications field to the exclusion of any state regulation in that area. Worldcom cites to no clear manifest congressional intent to make causes of action under the Communications Act removable to federal court in the same manner as those filed under the LMRA or ERISA. At most, Worldcom has demonstrated an intent that no state government shall have the authority to regulate telephone rates. Worldcom is free to raise this preemption defense in state court, and this Court's holding that the FCA does not completely preempt McKenzie's state law claims so as to permit removal of this action does not prejudge the merits of such a claim. State courts are competent to determine whether state law has been preempted by federal law and, absent complete preemption, they must be permitted to perform that function in cases brought before them. *See American Airlines, Inc. v. Department of Transp.*, 202 F.3d 788, 803 (5th Cir. 2000).

Accordingly, it is **RECOMMENDED** that McKenzie's Motion to Remand (Docket No. 9)

should be **GRANTED**. Further, because remand is proper, it is **RECOMMENDED** that Worldcom's Motion to Dismiss (Docket No. 6) be **DENIED** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 6th day of February, 2001.

                                                             John Wm. Black
                                                             United States Magistrate Judge

7