UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 3 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA McKENZIE, on behalf of herself and all others similarly situated, | § § | |
| Plaintiffs, | § § | |
| | § | CAUSE NO.: B-00-148 |
| vs. | § § | JURY |
| WORLDCOM, INC. a/k/a MCI WORLDCOM, INC. a/k/a MCI WORLDCOM COMMUNICATIONS, INC., | § § § § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RULING ON PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)**

COMES NOW, Plaintiff in the above styled and numbered cause, and files this *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Ruling on Plaintiff's Request for Attorney's Fees and Costs*. In support of this motion, Plaintiff shows the Court the following:

### I. BACKGROUND

1.1     The instant lawsuit was originally filed as cause number 2000-08-3297-E in the 357th Judicial District Court of Cameron County, Texas. Plaintiff, on behalf of herself and others similarly situated, brings suit as a state court class action suit against Defendant ("Defendant" or "MCI"). MCI removed the case to Federal Court on September 15, 2000.

1.2     On October 12, 2000, Plaintiff filed *Plaintiff's Motion to Remand* in which Plaintiff requested attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

1.3     On February 6, 2001, the Magistrate Judge in this matter issued his Report and Recommendations which did not address the § 1447(c) attorney's fees and cost requests of Plaintiff.

1.4     On February 18, 2001, Plaintiff filed evidence to support a § 1447(c) award of attorney's fees and costs.

1.5     On February 28, 2001, Plaintiff filed *Plaintiff's Motion for Ruling on Plaintiff's Request for Attorney's Fees and Costs pursuant to 28 U.S.C. § 1447(c)*.

1.6     On March 1, 2001, this cause was remanded back to state court.

1.7     On March 12, 2001, MCI filed its Response to *Plaintiff's Motion for Ruling on Plaintiff's Request for Attorney's Fees and Costs pursuant to 28 U.S.C. § 1447(c)*.

1.8     A hearing is scheduled on *Plaintiff's Motion for Ruling on Plaintiff's Request for Attorney's Fees and Costs pursuant to 28 U.S.C. § 1447(c)* for April 5, 2001 at 1:30pm.

## II.  ARGUMENT AND AUTHORITIES

A.     **PLAINTIFF'S MOTION FOR RULING ON § 1447(c) ATTORNEY'S FEES AND EXPENSES WAS TIMELY**

2.1     MCI argues because the Magistrate Judge's February 6, 2001 Report and Recommendation did not address Plaintiff's request for § 1447(c) attorney's fees and expenses, Plaintiff was required to make an objection within 10 days of the issuance of the report under Fed. R. Civ. Pro. 72(b).  MCI fails to cite any authority to support its position.

2.2  In *Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc.*, 2000 U.S. Dist. LEXIS 12879 (E.D. La. Sept. 1, 2000) the Court held that the deadline for requesting attorney's fees in the instant situation is governed by Fed. R. Civ. P. 54 (d)(2)(B). In *Lakeland Anesthesia, Inc.*, the court held a party must move for attorney's fees within 14 days after a remand order is entered because the remand order terminates the federal case. *See also, Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252, 257 (6th Cir. 1997); *Mints v. Educational Testing Service*, 99 F.3d 1253 (3rd Cir. 1996).

2.3  In the instant cause, Plaintiff made a timely motion for § 1447(c) attorney's fees and expenses on October 16, 2000 in *Plaintiff's Motion to Remand*. *Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252, 257 (6th Cir. 1997)(the inclusion of a generalized (though unspecified as to amount) request for attorney fees in the remand motion was a timely request). On February 18, 2001, Plaintiff filed evidence to support Plaintiff § 1447(c) award of attorney's fees and costs.

2.4  On February 28, 2001, the day before the Remand Order was entered by Judge Vela, Plaintiff made a timely request for hearing on Plaintiff's October 16, 2000 motion for § 1447(c) attorney's fees and expenses.

**B.  AN AWARD OF ATTORNEY FEES, PURSUANT TO 28 U.S.C. § 1447(C), IS A COLLATERAL ISSUE TO THE DECISION TO REMAND.**

2.5  The procedural background before the Court is similar to *Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252 (6th Cir. 1997). The *Stallworth* court held that an award of attorney fees pursuant to § 1447(c) is collateral to

the decision to remand. Accordingly, a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order. *Id.*; see also, *Mints v. Educational Testing Service*, 99 F.3d 1253 (3rd Cir. 1996); *Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc.*, 2000 U.S. Dist. LEXIS 12879 (E.D. La. Sept. 1, 2000).

2.6     Plaintiff's request for § 1447(c) attorney's fees and costs is properly before the court. The award of attorney's fees and costs is a collateral matter over which this court retains jurisdiction even after being divested of jurisdiction on the merits of this case as a result of the remand order.

C.      IT IS APPROPRIATE TO REQUIRE MCI TO PAY JUST COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEY FEES, INCURRED AS A RESULT OF THE IMPROVIDENT REMOVAL OF THIS CASE

2.7     28 U.S.C. § 1447(c) states in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The removal of this case was not objectively reasonable, and, thus, it is appropriate to award costs and attorney's fees as provided in § 1447(c). See *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000)(Courts are to objectively consider the merits of the defendant's case at the time of removal when determining § 1447(c) costs and fees).

2.8     MCI's sole argument for a basis for federal jurisdiction in this case is that the Federal Communications Act of 1934, 47 U.S.C. § 151, *et seq.* ("the FCA") is a statute that has the preemptive power to confer federal jurisdiction pursuant to the extraordinary doctrine of complete preemption. MCI has failed to produce relevant case law or other authority to support its position that it was objectively reasonable to remove Plaintiff's purely state law claims based upon the FCA.

2.9 At the time MCI removed the instant case, the unanimous opinion of all Texas Federal Courts was that the FCA was not a statute which conferred complete preemption jurisdiction to the federal courts. *Esquivel v. Southwestern Bell Mobile Sys., Inc.*, 920 F. Supp. 713, 715-16 (S.D. Tex. 1996); *KVHP TV Partners, LTD. v. Channel 12 of Beaumont, Inc.*, 874 F. Supp. 756, 760-62 (E.D. Tex. 1995); *Ashley v. Southwestern Bell Tel. Co.*, 410 F. Supp. 1389 (W.D. Tex. 1976). MCI argues that the *Central Office* opinion muddied these waters. A fair reading of the *Central Office* opinion will leave no reader with the impression that it stands for the principle that the FCA's savings clause is without meaning and the Supreme Court was turning the FCA into an ERISA-type statute that meets the Fifth Circuit's three prong test for complete preemption jurisdiction. This case was removed improvidently.

2.10 The issue of subject matter jurisdiction in this case is not as complicated as MCI suggests. The clear and simple fact is, there is none. MCI improvidently removed Plaintiff's purely state law claims to this court.

### III. PRAYER

3.1 Based upon the above, Plaintiff prays that the Court award Plaintiff attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) and for such other relief at law or equity to which Plaintiff may be entitled.

Respectfully submitted,

**LAW OFFICES OF RICHARD JARAMILLO & ASSOCIATES, P.C.**
1412 Main Street, 22nd Floor
Dallas, Texas 75202
(214) 744-3364
(214) 748-6603 (Fax)

**LAW OFFICES OF FRANK COSTILLA, P.L.L.C.**
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 544-3152 (Fax)

*ATTORNEYS FOR PLAINTIFFS*

By: _____
RICHARD C. JARAMILLO
"Attorney-In-Charge"
Texas State Bar No. 10573200
Appearing Pro Hac Vice
RAY L. VELA
Texas State Bar No. 00795075
S.D. Tex. Bar No. 20357
FRANK COSTILLA
Texas State Bar No. 04856500
S.D. Tex. Bar No. 1509

## CERTIFICATE OF CONFERENCE

I certify that Kerry C. Ahern, counsel for the Defendant, was contacted on February 26, 2001 by counsel for Plaintiff regarding rulings requested in this document. Defendants oppose an award of attorney's fees in this matter.

By: _____
RICHARD C. JARAMILLO

## CERTIFICATE OF SERVICE

I certify that on this the 29th day of March 2001, a true copy of the above document has been either delivered in person or delivered in person by my agent or delivered by courier with receipted delivery or sent by certified mail, return receipt requested, or sent by telephonic document transfer before 5:00 p.m. the recipient's local time to the following pursuant to the Federal Rules of Civil Procedure for each party listed on the attached service list.

U.S. CMRRR No. 7099 3400 0018 2809 1034
John C. Eichman
Jenkins & Gilchrist
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202

By: _____
RICHARD C. JARAMILLO