36

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

APR 1 2 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARIA MCKENZIE, on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. B-00-148 |
| WORLDCOM, INC. a/k/a MCI WORLDCOM, INC. a/k/a MCI WORLDCOM COMMUNICATIONS, INC., | § § § § § | |
| Defendants. | § § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motion for Ruling on Plaintiff's Request for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1447(c) (Docket No. 31). For the reasons discussed below, it is recommended that McKenzie's motion be denied.

DISCUSSION

On February 6, 2001 the Magistrate Judge issued a Report and Recommendation remanding this case to state court. The Report did not address the topic of attorney fees and expenses. On February 28, 2001, McKenzie filed Plaintiff's Motion for Ruling on Plaintiff's Request for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1447(c). The Court adopted the Magistrate Judge's Report on March 1, 2001.

An award of attorney fees pursuant to 1447(c) is collateral to the decision to remand. *See Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252 (6th Cir. 1997).

1

Consequently, a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order. *See id.* The request for attorney fees in this cause is timely because it was filed within fourteen days after the remand order was entered. *See id.*; *Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc.*, 2000 WL 1251945 (E.D. La. Aug. 21, 2000). Therefore, McKenzie's request for § 1447(c) attorney fees is properly before the Court.

However, McKenzie does not meet the standard for an award of attorney fees under applicable authority. The language of Section 1447(c) provides "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The statute is discretionary and the mere determination that removal was improper does not automatically entitle a plaintiff to an award of attorney fees. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000). In exercising its discretion, the Court should "consider objectively the merits of the defendant's case at the time of removal." *Valdes*, 199 F.3d at 292. Thus the issue is whether "the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293.

"While the Fifth Circuit has upheld the awarding of sanctions for improper removal without requiring a finding of bad faith, it has upheld that the nonremovability of the action must be obvious." *Thomas v. Ohio Casualty Group Ins. Co.*, 3 F.Supp.2d 764, 766 (S.D. Tex. 1998). In the instant case, an award of attorney fees is not warranted because the nonremovability of McKenzie's claim was not obvious. Removal based on the Federal Communications Act involves complex issues and presents a substantial jurisdictional question; consequently, courts have refused to award attorney fees. *See, e.g., American Inmate Phone Systems, Inc., v. US Sprint Communications Co. Ltd. Partnership*, 787 F.Supp. 852 (N.D. Ill. 1992); *Heichman v. American Telephone and Telegraph*

2

*Co.*, 943 F. Supp. 1212 (C.D. Cal. 1995); *Castellanos v. U.S. Long Distance Corp.*, 928 F.Supp. 753 (N.D. Ill. 1996)

The present case involves complex issues and Worldcom has presented a substantial jurisdictional question. *See American Inmate Phone Systems*, 787 F.Supp. at 858. Further, there is no indication that Worldcom acted in bad faith. *See Whitestone Savings and Loan Ass'n v. Romano*, 484 F.Supp. 1324, 1327 (E.D.N.Y. 1980). McKenzie is not entitled to costs and expenses incurred in responding to Worldcom's petition for removal.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Ruling on Plaintiff's Request for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1447(c) (Docket No. 31) should be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 11th day of April, 2001.

John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com